

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

STEPHEN C. SMITH,

        Plaintiff,

v.                              Civil Action No. 3: 14CV418

SANDPIPER OF CALIFORNIA, INC.,

        Defendant.

        Serve:  SANDPIPER OF CALIFORNIA, INC.
                David Jacobs, Owner and Registered Agent
                687 Anita Street, #A
                Chula Vista, California 91911-4693

## COMPLAINT

Plaintiff Stephen C. Smith ("Smith"), for his Complaint against Defendant Sandpiper of California, Inc. ("Sandpiper"), respectfully states and alleges as follows:

### Nature of the Action

1.     Defendant Sandpiper of California, Inc. has violated the clear terms of a written contract with Plaintiff Stephen C. Smith causing him economic harm.  Smith brings this action in order to enforce his rights under the contract and is seeking monetary damages and an accounting of the gross sales for all products sold by Sandpiper during the relevant contractual period.

### Parties

2.     Plaintiff Stephen C. Smith is a resident of the State of Florida.

3.     Smith is the President of JRS Worldwide, Inc. ("JRS") a Virginia corporation and Bugout Gear, LLC, a Virginia Limited Liability Company.

4.     Upon information and belief, Defendant Sandpiper of California, Inc. is a California corporation with its principal place of business at 687 Anita Street, Suite A, Chula Vista, California 91911.

## Jurisdiction and Venue

5.     This court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a)(1) by virtue of diversity of citizenship and an amount in controversy in excess of $75,000 exclusive of interests and costs.

6.     Venue is proper in this district and division pursuant to a contractual agreement between the parties.

## Facts

7.     From 1997 until 2010, Smith, JRS, Bugout Gear LLC, and Sandpiper had a continuing business relationship relating to the design, promotion, marketing and sale of certain goods.

8.     Throughout the relationship, Sandpiper was responsible for the manufacture and controlling the quality of the goods and JRS was responsible for the management of product inventory and sales of the goods.

9.     Numerous disputes arose between Smith, JRS, Bugout Gear LLC, and Sandpiper relating to Sandpiper's performance under their business relationship.

10.     Due to these disputes, on or about July 19, 2010, Smith, JRS, and Bugout Gear LLC filed an action against Sandpiper in the United States District Court for the Eastern District of Virginia, Norfolk Division, asserting breach of contract and trademark infringement claims against Sandpiper.

11.     Ultimately, the lawsuit was settled and Smith, JRS, Bugout LLC, and Sandpiper entered into an Agreement for Transfer of Trademarks and Provision of Consulting Services ("Transfer and Consulting Agreement").

12.     The Transfer and Consulting Agreement provided for, among other things, the assignment of numerous assets and trademarks from Smith, JRS, and Bugout Gear LLC to Sandpiper.

13.     The Transfer and Consulting Agreement also provided that Smith would provide certain consulting services to Sandpiper.

14.     In consideration of these consulting services, and pursuant to the Transfer and Consulting Agreement, Sandpiper agreed to pay Smith quarterly payments of $100,000.00 over a five year period beginning on January 7, 2011 and ending on January 6, 2016 (the "Contract Term").

15.     As further compensation for Smith's consulting services, and pursuant to the Transfer and Consulting Agreement, Sandpiper agreed to pay Smith 2% of any gross sales in excess of $10 million, in the aggregate, for all products sold by Sandpiper per year, during the Contract Term.

16.     Sandpiper has failed and refused to compensate Smith for his consulting services pursuant to the terms of the Transfer and Consulting Agreement.

17.     Since receiving the second quarterly payment of 2013, Smith has only received a total of $33,333.33 from Sandpiper in required subsequent quarterly payments.

18.     Pursuant to the Transfer and Consulting Agreement, Smith is currently owed $266,666.67 in overdue quarterly payments.

19.     Smith will be owed an additional $100,000.00 in quarterly payments until the end of the Contract Term.

20.     The next quarterly payment is due on June 30, 2014.

21.     Additionally, Sandpiper has failed to provide Smith with compensation from gross sales in excess of $10 million per year, pursuant to the Transfer and Consulting Agreement.

## Count I

(Breach of Contract – failure to make quarterly payments)

22.     Smith hereby adopts and restates all foregoing allegations as if fully set forth herein.

23.     Pursuant to Article 3.2.C of the Transfer and Consulting Agreement, Sandpiper is required to "pay Smith the amount of $100,000 per quarter (a total of $2,000,000 over the Term, …) as further compensation for his Consulting Services…"

24.     Since the second quarterly payment of 2013, Sandpiper has only paid a total of $33,333.33 in quarterly payments to Smith for his consulting services under the Transfer and Consulting Agreement.

25.     Smith is currently owed $266,666.67 in overdue quarterly payments.

26.     Sandpiper's failure and refusal to pay the total quarterly payments is a continuing and material breach of Article 3.2.C of the Transfer and Consulting Agreement.

27.     Smith is owed the next $100,000.00 quarterly payment on June 30, 2014.

28.     Sandpiper's breach of Article 3.2.C of the Transfer and Consulting Agreement by its failure to make quarterly payments has resulted in damages to Smith in the amount of Two Hundred Sixty Six Thousand Six Hundred Sixty Six Dollars and Sixty Seven Cents ($266,666.67) as of May 2014, and will increase by $100,000.00 on June 30, 2014, and for every additional quarterly payment not made during the Contract Term.

## Count II

(Breach of Contract and Accounting – failure to pay further compensation)

29.     Smith hereby adopts and restates all foregoing allegations as if fully set forth herein.

30.     Pursuant to Article 3.2.D of the Transfer and Consulting Agreement, Sandpiper is required to "pay Smith 2% of any Gross Sales in excess of $10 million for that year as further compensation for the Consulting Services" for each year of the Contract Term.

31.     Despite its obligation under Article 3.2.D to pay annual payments to Smith, Sandpiper has failed and refused to account for the total amount of gross sales for any year during the Contract Term of the Transfer and Consulting Agreement and has not made any payments to Smith pursuant to Article 3.2.D.

32.     Upon information and belief, amounts are due and owing to Smith pursuant to Article 3.2.D.

33.     Sandpiper's failure to pay Smith any additional annual payments is a continuing material breach of Article 3.2.D.

34.     Because Smith lacks access to Sandpiper's books and records, Sandpiper's breach of Article 3.2.D of the Transfer and Consulting Agreement has resulted in damage to Smith that may only be determined after an accounting is performed of Sandpiper's gross sales for each year during the Contract Term of the Transfer and Consulting Agreement.

35.     Smith is entitled to an order requiring an accounting of the total amount of gross sales for each year during the Contract Term of the Transfer and Consulting Agreement to determine the extent of his damages resulting from Sandpiper's breach of Article 3.2.D of the Transfer and Consulting Agreement.

36.     Smith is also entitled to the amount of damages determined after the accounting pursuant to Article 3.2.D of the Transfer and Consulting Agreement.

WHEREFORE, for the foregoing reasons, Plaintiff, Stephen C. Smith, moves for:

(1) judgment against Sandpiper in the amount of Two Hundred Sixty Six Thousand Six Hundred Sixty Six Dollars and Sixty Seven Cents $266,666.67, plus interest;

(2) an additional One Hundred Thousand Dollars $100,000.00 for each additional quarterly payment not made by Sandpiper, beginning on June 30, 2014;

(3) entry of an order forcing an accounting of Sandpiper's gross sales in the aggregate for all products sold for each year of the Term Agreement for Transfer of Trademarks and Provision of Consulting Services;

(4) judgment against Sandpiper for two percent (2%) of any amount in excess of Ten Million dollars in gross sales, per year of the Term Agreement for Transfer of Trademarks and Provision of Consulting Services;

(5) an award of interest, attorney's fees and costs incurred herein; and

(6) such further relief as justice may require.

STEPHEN C. SMITH

By:_____
             Of Counsel

Richard H. Ottinger
Virginia Bar No.: 38842
Brett M. Saunders
Virginia Bar No.: 86384
*Counsel for Stephen C. Smith.*
VANDEVENTER BLACK LLP
500 World Trade Center
Norfolk, Virginia 23510
(757) 446-8600 Telephone
(757) 446-8670 Facsimile
rottinger@vanblk.com
bsaunders@vanblk.com

4851-5694-6459, v. 1